# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| GAIL ROSS and CATHERINE | * | |
| MCDOWELL, parents of | * | No. 14-90V |
| M.R., a minor, | * | Special Master Christian J. Moran |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Filed: April 27, 2016 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | * | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner;
Heather Pearlman, U.S. Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

     For an injury their child incurred, Gail Ross and Catherine McDowell received compensation through the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 through 34 (2012). Decision, issued Sept. 14, 2015, 2015 WL 6163051. They now seek an award of their attorneys' fees and costs. They are awarded **$49,318.21.**

                                   * * *

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

The present case is similar to other recently decided cases involving the law firm representing this petitioner.  In short, the parties did not agree to a reasonable hourly rate for the attorneys representing petitioners in the Vaccine Program and the dispute led to litigation.  For a more complete recitation of events, see McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), and Avchen v. Sec'y of Health & Human Servs., No. 14-279V (Fed. Cl. Spec. Mstr. Dec. 4, 2015).

The petitioners originally requested an award of $29,164.60 in attorneys' fees, $16,674.71 in attorneys' costs, and $3,120.90 in costs that they personally incurred.  The Secretary interposed a specific objection due to the lack of evidence supporting the rate requested for the petitioners' expert.  In conjunction with filing a reply, the petitioners added $716.00.

The Secretary has not interposed any objection to the time the petitioners' attorneys have charged.  See Dorego v. Sec'y of Health & Human Servs., No. 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. April 4, 2016).  The undersigned finds that the attorneys' time is reasonable.

The Secretary's objection that the petitioners did not substantiate the rate requested by their expert was accurate when the Secretary made the objection.  In reply, the petitioners have cured this omission.  Thus, the petitioners are awarded all the costs they have requested.

The remaining issue is the petitioners' supplemental motion for attorneys' fees.  As attorneys experienced in the Vaccine Program, petitioners' attorney should have known that an invoice from a new expert in a field (sleep disorders) that is rare in the Vaccine Program should have been accompanied by some justification for the hourly rate.  The Secretary's unwillingness to discuss informal resolution of motions for attorneys' fees does not create an excuse for petitioners to submit applications lacking sufficient detail.  If the petitioners had properly supported their initial application with the material that they submitted in reply, it is likely the Secretary would not have raised any objection.

The undersigned recognizes that petitioners were required to spend some time supporting the fee request.  In these circumstances, the undersigned will award petitioners half of the amount requested in the supplemental motion for attorneys' fees ($358.00).

The petitioners are awarded $49,318.21 in attorneys' fees and costs. This shall be paid as follows:

a. **$46,197.31 ($29,164.60 + $358.00 + $16,674.71)** representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioners and petitioners' attorney, Ronald Homer of Conway, Homer & Chin-Caplan, in the amount of **$46,197.31**; and

b. **$3,120.90**, representing petitioners' costs. The award shall be in the form of a check made payable to Gail Ross and Catherine McDowell for **$3,120.90**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master